DAVID A. JAMEISON *v.* STATE OF INDIANA.

[No. 377S184. Filed June 28, 1978. Rehearing denied September 25, 1978.]

*Robert Adams,* of Shelbyville, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of two counts of second-degree burglary and two counts of theft. He was then adjudicated an habitual criminal and was sentenced to life imprisonment.

The evidence shows that a Sunoco Service Station and a Shell Oil Station on I-74 in Shelby County were broken into in the early morning hours of January 13, 1976. Entry to each station was accomplished by breaking a window. Three radios were taken from the two stations. Later that morning appel-

lant was apprehended and the radios were found in his possession.

Appellant first contends the trial court erred in refusing to grant a severance of the two counts relating to the burglary of the Sunoco station from the two counts involving the burglary of the Shell station. IC § 35-3.1-1-9 (a) [Burns 1975], provides that two or more crimes may be joined if they are of the same or similar character or are based on the same conduct or a series of acts connected together. IC § 35-3.1-1-11 (a) [Burns 1975], provides in all cases other than where the crimes have been joined solely on the ground that they are of the same or similar character, the court shall grant a severance whenever appropriate to promote a fair determination of guilt. The court is required to take into account the number of crimes charged, the complexity of the evidence and whether the jury will be able to distinguish the evidence and apply the law intelligently. This section, as in the subsequent sections pertaining to separate trials for jointly charged defendants, clearly gives the trial court the discretion to determine, in light of the circumstances, whether a severance would be appropriate. See *Tewell* v. *State,* (1976) 264 Ind. 88, 339 N.E.2d 792. In the case at bar the burglaries were of service stations on I-74 in Shelby County. In both entry was gained by breaking a window and radios were stolen. Thus the crimes charged undoubtedly constituted a series of connected acts. The trial court did not abuse its discretion in refusing to grant a severance.

In instructing the jury, the court read its own final instructions and the appellant's two approved instructions. The court then sent copies of the instructions to the jury room for use during deliberations but inadvertently failed to send copies of the appellant's two instructions. The omission was discovered when the verdicts were returned. The judge thereupon returned the verdicts to the jury, explained the mistake, instructed the jury to reconsider their verdicts in light of all of the instructions, and sent the jury back for further de-

liberations with copies of all of the instructions. Appellant makes a threefold attack on this procedure:

(1) That the court erred in permitting any use at all to be made of the instructions during the jury's deliberations;

(2) That the court erred by submitting only its own instructions; and

(3) That the court further erred by informing the jury of the mistake and then sending all the instructions, including appellant's two instructions identified as tendered by him, to the jury room.

It is the general rule of law in this State that jury instructions are not to be sent to the jury room. *Martin* v. *State*, (1973) 260 Ind. 490, 296 N.E.2d 793. However a trial court's action in doing so may be harmless error if the instructions are first read in open court in the presence of the parties and their attorneys. *Snelling* v. *State*, (1975) 167 Ind. App. 70, 337 N.E.2d 829. In the case at bar the instructions were read in open court in the presence of appellant and his attorney. Therefore the error in sending the instructions to the jury room was harmless.

As to the unintentional mistake of not sending two of the instructions to the jury room and then returning the verdicts and all the instructions for further consideration by the jury we can find no reversible error. As the court stated in *Hall* v. *State*, (1856) 8 Ind. 439, 443-44: "[t]he right of the court to communicate with the jury during their deliberations upon a cause, to withdraw from their consideration erroneous instructions, and to give additional ones, is undoubted." This quote was cited with approval in *Purdy* v. *State*, (1977) 267 Ind. 282, 369 N.E.2d 633. Here the trial judge had the duty to correct his unintended mistake and the discretion to select the manner of doing so. Appellant made no objection to the identification of the instructions as his. Under these circumstances the court committed no reversible error.

During the trial appellant filed a *motion in limine* requesting that the State be precluded from cross-examining him as to prior criminal convictions or, in the alternative, that a separate jury be impanelled to hear the habitual criminal charge. The court overruled the motion and appellant then decided not to testify. Under our holding in *Ashton v. Anderson,* (1972) 258 Ind. 51, 279 N.E. 2d 210, the credibility of a witness may be impeached by showing prior convictions for crimes involving dishonesty or false statement. The trial court therefore did not err in overruling that portion of the *motion in limine.* As to his con-contention that a separate jury should have been ordered to hear the habitual criminal charge, it is without merit. The trial court complied in all respect with the bifurcated trial requirements of *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830. The jury heard direct evidence of the appellant's prior crimes in the habitual criminal proceeding and was bound to adjudicate him solely on the basis of that evidence. We fail to see how any undue prejudice could have arisen in the habitual criminal trial from the use of evidence of prior crimes to impeach appellant at the principal trial. The trial court did not err in overruling the *motion in limine.*

Appellant next contends there is insufficient evidence to support the verdict because the State failed to prove, as alleged in the information, that Bob Newbold owned the Sunoco station or that anything was taken from the Shell company. The elements of second-degree burglary are a breaking and entering of any building other than a dwelling house, with the intent to commit a felony therein. IC § 35-13-4-4(b) [Burns 1975]; *Eldridge v. State,* (1977) 266 Ind. 134, 361 N.E.2d 155. The statute does not require proof of the ownership of the structure. *Bradley v. State,* (1964) 244 Ind. 630, 195 N.E.2d 347. Nor does it require proof that an actual theft has occurred. *Heacock v. State,* (1968) 249 Ind. 453, 233 N.E.2d 179. The State must prove only the rightful possession of a building and the

breaking and entering thereof, *Musick* v. *State,* (1972) 258 Ind. 295, 280 N.E.2d 602, *Bradley* v. *State, supra,* and must adduce sufficient evidence to support a reasonable inference of intent to commit a felony therein. *Heacock* v. *State, supra.* Thus, in the case at bar, the State was not required to prove that Newbold owned the Sunoco station or that anything had been taken from the Shell Oil Company. These allegations in the information must be treated as mere surplusage. *Musick* v. *State, supra.* We hold the evidence is sufficient to support the verdict of the jury.

Finally, appellant alleges the trial court erred in the habitual criminal trial by admitting evidence of a conviction for an offense committed while on parole. He claims that because the parole board revoked parole from his first offense and held his second sentence in abeyance, his second conviction actually occurred before his first sentence was completed and therefore should not have been admitted. This Court, in *Cooper* v. *State,* (1972) 259 Ind. 107, 284 N.E.2d 799, interpreted the Habitual Criminal Statute, IC § 35-8-8-1 [Burns 1975], to require that the commission of the second felony be subsequent to imprisonment for the first and that the commission of the third felony be subsequent to imprisonment for the second. In the case at bar appellant was convicted, sentenced and imprisoned for second-degree burglary in 1963. He was paroled and was convicted, sentenced and imprisoned a second time in 1965. Regardless of the parole board's action in revoking parole and holding his new sentence in abeyance, the requirements of the *Cooper* case have fully been met. We therefore hold the trial court did not err in admitting evidence of the second conviction.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 377 N.E.2d 404.