Michael D. McNEAL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1081A247.

Court of Appeals of Indiana,
Third District.

April 26, 1982.

Rehearing Denied May 28, 1982.

K. Richard Payne, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Michael McNeal appeals his convictions on two counts of distributing obscene matter for consideration in violation of IC 1971, 35–30–10.1–2(2) (Burns 1979 Repl.). Issues raised are:

(1) whether the materials distributed are protected under the First and Fourteenth Amendments to the United States Constitution; and

(2) whether the evidence is sufficient to show that McNeal had actual knowledge of the nature of the materials he was selling.[1]

McNeal has requested this Court to view the material involved in order to make an independent judgment regarding its obscenity. The magazine and movie at issue however were not included in the record of proceedings. In its brief, the State contends that the failure to include the exhibits in the record constitutes a mandatory waiver of the issues.

The State is directed to Ind.Rules of Procedure, Appellate Rule 7.2(B) and (C). The 1981 rules provided in pertinent part:

"(B) Portion of the record Sent to Court on Appeal. The appellant shall designate only those parts of the record to be transmitted to the court on appeal, in which event the other parts shall be retained in the trial court unless thereafter the court on appeal shall order, or any party shall request, the transmission of some or all of the other parts of the record. *Parts which are not transmitted to the court on appeal shall nevertheless be a part of the record on appeal for all purposes.* Unless otherwise indicated, the clerk shall transmit the whole record to the court on appeal. Neither party shall request parts of the record or a transcript of the proceedings which are not needed for the issues to be asserted upon the appeal, including without limitation the following: The pleadings or parts thereof not related to a claimed error; the verdict, when the form, language or its scope is not in issue; evidence or parts thereof which is not involved in the appeal or related to the error claimed; instructions, tendered instructions, findings or proposed or omitted findings which are not in issue; evidence, other instructions or findings or pleadings or parts thereof which are not particularly related to instructions, tendered instructions, findings, or proposed or omitted findings claimed to be erroneous; or motions and orders or rulings thereon not connected with the error claimed.

"(C) Correction or Modification of the Record. If, on appeal, any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. *If anything material to either party is omitted from the record by error or accident, or is misstated therein, the trial court shall*

(1) *either before or after the record is transmitted to the court on appeal, or*

(2) *upon the order of the court of appeal pursuant to a properly filed petition for certiorari, correct the omission or misstatement and if necessary certify and transmit a supplemental record.*" (Emphasis added.)

The absence of exhibits in the record does not result in the automatic waiver of an issue. Additionally, effective January 1, 1982 Appellate Rule 7.2(C) provides in pertinent part:

"(C) Correction or Modification of the Record. If, on appeal, any difference arises as to whether the record truly dis-

---

1. McNeal raises additional issues in his brief which he failed to raise in his motion to correct errors. These issues are therefore not properly before this Court. Ind.Rules of Procedure, Trial Rule 59(D); Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *Hooks v. State* (1980), Ind., 409 N.E.2d 618.

closes what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record or is misstated therein, the trial court shall

> (1) either before or after the record is transmitted to the court on appeal, or (2) upon the order of the court of appeal pursuant [to] the motion of a party or on its own initiative correct the omission or misstatement and if necessary certify and transmit a supplemental record. *Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits."* (Emphasis added.)

■ A writ of certiorari for the exhibits was issued in this case. After the writ was issued, the State filed a petition to withdraw the record and an application for leave to amend its brief because it had failed to address the merits of McNeal's argument.

McNeal initially contends that the material at issue is protected under the First and Fourteenth Amendments to the United States Constitution. The materials have been viewed by this Court. They are very similar in nature and content to materials found to be unprotected by the First and Fourteenth Amendments in *Sedelbauer v. State* (1981), Ind., 428 N.E.2d 206 *cert. denied* —— U.S. ——, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982). Under the reasoning of *Sedelbauer* the magazine and film at issue in this case are also obscene and unprotected.

■ McNeal next contends that the evidence is insufficient to establish that he had actual knowledge of the materials he was selling. Again, a similar issue was raised in *Sedelbauer v. State, supra.* There the Supreme Court stated:

> "Appellant next asks the question, 'Is evidence constitutionally sufficient to support a finding of *scienter*, where the defendant did not know the nature and character of the contents of the material sold?' This question by the appellant bor-

ders on the ludicrous. Any adult human being who could pick up the packages, above described, and sell them to a customer in a store, as above described, would indeed be out of touch with reality if he did not know and understand the nature of the object he was selling." 428 N.E.2d at 210.

Furthermore, the record reveals the following exchange between the prosecutor and McNeal:

"Q  So you knew what was in the books, you had looked through them, right?

"A  Yes.

"Q  Were they all wrapped in plastic?

"A  The ones that—ya.

"Q  Which ones did you look at?

"A  Pardon me?

"Q  Which ones did you get to look at before they were wrapped in plastic, or after . . .

"A  Well, I would just look at them when they would bring them up to the counter.

"Q  So when the officer brought these two exhibits up to the counter, you knew you were selling him this . . .

"A  Yes, I knew what I was selling him.

"Q  You knew that it was sexually, very sexually explicit materials, right?

"A  Yes.

"Q  You knew it contained, you know, either scenes or pictures of intercourse and all kinds of oral sexual activity, right?

"A  Yes, Sir.

"Q  Nothing simulated, nothing covered up?

"A  Some were and some weren't.

"Q  Most of what you sell is what I termed hard core when I was talking to the doctor?

"A  I wouldn't say most.

"Q  If I used the term 'hard core', meaning you could see the penetration, ejaculations clearly shown, wasn't that characterized in all the films that you sold?

"A  Yes, but not all the magazines are that way.

"Q  Not all the magazines.

"A  No.

"Q  But most of them, a good number of them, go all the way, in other words, and show . . .

"A  I wouldn't say most, but some of them do, yes.

"Q  Okay, and you voluntarily worked at the store for two months, right?

"A  Yes.

"Q  And you had no qualms about it at all?

"A  No, none whatsoever.

"Q  So, in other words, you agree with the store, its policy, and you agree that pornography, or at least this kind of material, should be sold and you should be left alone to do it, right?

"A  Yes, I do."

*Record* at 195–196.

This evidence is sufficient to establish scienter.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, J., concurs in result.