**Orville WARD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1081S283.**

Supreme Court of Indiana.

Aug. 27, 1982.

Rehearing Denied Dec. 3, 1982.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant, Orville Ward, was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns Repl.1979), and Theft, Ind.Code § 35–43–4–2 (Burns Supp.1982), at the conclusion of a jury trial in Putnam Circuit Court on April 14, 1981. Ward was sentenced to ten (10) years imprisonment on the burglary conviction, and two (2) years for the theft conviction; a finding of habitual offender enhanced his sentence by thirty (30) additional years. He now appeals.

Defendant Ward raises four issues on appeal, concerning: 1) the trial court's denial of defendant's Motion for Change of Venue; 2) denial of defendant's request to individually *voir dire* the jury; 3) error in submitting the habitual offender charge to the same jury that heard the burglary and theft charges; and, 4) sufficiency of the evidence.

On March 2, 1980, the home of Mrs. Rosemary Brozenske was burglarized. Following a trail of footprints, the police apprehended defendant Ward and two other individuals with the stolen property in their possession.

I

On March 11, 1980, and again on April 10, 1981, Ward filed Motions for Change of Venue from the county because there were certain newspaper articles in the local newspaper relating his criminal activity and the charges he was facing. The motion in March, 1980, was denied, and on April 13, 1981, the court held a hearing on defendant's second motion. This motion was also overruled. Defendant now claims it was reversible error for the court to require him to go to trial in Putnam County where the newspaper publicity had subjected him to prejudice.

Defendant does not deny that the granting of a Motion for Change of Venue in non-capital cases is within the sound discretion of the trial court and a ruling on this subject will be overturned only by a showing of abuse of that discretion. *Hall v. State*, (1980) Ind., 405 N.E.2d 530, 533. Defendant also admits, on page 24 of his brief, that the "[r]ecord provided to appellate counsel does not contain a transcription of the *voir dire* proceedings nor does it contain any indication of whether Ward used all of his peremptory challenges prior to the selection of the jury."

This Court cannot effectively review this issue because the transcript of the *voir dire* is not in the record. *See Pine v. State*, (1980) Ind., 408 N.E.2d 1271. In such a situation, this Court has no way of determining whether defendant has met his burden in showing jury prejudice because we cannot determine whether or not the jurors had preconceived notions of defendant's guilt or innocence and whether or not they were able to set aside those notions and render a verdict based upon the evidence adduced at trial. The lack of record also prevents this Court from knowing whether defendant had exhausted his peremptory challenges in an effort to secure jury impartiality.

This Court is aware of the change in the Rules of Appellate Procedure where "[i]ncompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on

the merits." Ind.R.App.P. 7.2(C). *See McNeal v. State,* (1982) Ind.App., 434 N.E.2d 127, for an application of this rule. We note that in the praecipe of the case at bar, the counsel for defendant requested the *voir dire* examination of the jurors, and the clerk's certification states the transcript "contains full, true and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing praecipe." Therefore, by the absence of the *voir dire* transcript, we may assume that there was no court reporter present during the jury examination, a common practice during trials. Defendant's failure to establish a record requires us to consider this issue waived on appeal.

We would also note that from the argument in the brief, it appears that appellate counsel here, unlike the counsel in *McNeal, supra,* could not specifically point to any error in the missing material. We would hold that this failure to demonstrate how the alleged error in the *voir dire* harmed the defendant constitutes a waiver, *Guardiola v. State,* (1978) 268 Ind. 404, 406, 375 N.E.2d 1105, 1107, that would not require this Court to issue a writ of certiorari and bring the *voir dire* transcript, if there was one, before the Court. There has been no error shown here.

### II

■ At the hearing on defendant's Motion for Change of Venue from the County, the defendant orally requested permission to *voir dire* each of the prospective jurors concerning their awareness of any pretrial publicity, since questioning them together would cause the statement of one prospective juror to contaminate the other jurors. The trial court took this motion under advisement at that time, indicating he would grant the motion if it became necessary. On the next day the trial court overruled this motion. We find we are unable to effectively review this issue, again for the reason that we do not have the transcript of the *voir dire* in the record of proceedings; thus, we cannot determine whether or not the court abused its discretion under all the

facts and circumstances surrounding the *voir dire. See* Issue I, *supra.* It is clear that the trial court has broad discretionary powers in regulating the *voir dire* examination of the jury. *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007, 1008; *Lynn v. State,* (1979) Ind., 392 N.E.2d 449, 451. It is not an abuse of discretion for the trial court to limit *voir dire* to twenty minutes for each side, *Lynn v. State, supra,* and we also do not see the trial court's denial of defendant's request for individual juror examination during *voir dire* to be an abuse of discretion. There is no error shown here.

### III

■ Defendant claims that he was prejudiced because the same jury that had heard the evidence and found him guilty of burglary and theft, also heard the habitual offender portion of the trial. Defendant admits we have previously decided this issue contrary to his position here in *Shepler v. State,* (1980) Ind., 412 N.E.2d 62, and *Jameison v. State,* (1978) 268 Ind. 599, 377 N.E.2d 404, but urges us to reconsider our rulings on those cases. In *Jameison,* we stated:

"As to his contention that a separate jury should have been ordered to hear the habitual criminal charge, it is without merit. The trial court complied in all respects with the bifurcated trial requirements of *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830. The jury heard direct evidence of the appellant's prior crimes in the habitual criminal proceeding and was bound to adjudicate him solely on the basis of that evidence. We fail to see how any undue prejudice could have arisen in the habitual criminal trial from the use of evidence of prior crimes to impeach appellant at the principal trial."

*Id.* at 603, 377 N.E.2d at 406–07.

We still consider our position in *Shepler, supra,* and *Jameison, supra,* to be sound and reaffirm it here.

### IV

■ Finally, defendant Ward claims there was insufficient evidence presented to

the jury to find him guilty of burglary and theft since there was no direct evidence that he was the person who broke into and entered the Brozenske residence and took their property. He contends that, at most, the evidence would sustain a verdict for possession of stolen property, which was not charged. He further states that mere presence near the scene of a crime is not enough to convict for that crime, citing *McGill v. State*, (1969) 252 Ind. 293, 247 N.E.2d 514. We agree with defendant's general legal contentions but we do not agree that those contentions apply to this case to show an insufficiency of evidence.

When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which the jury could find the defendant guilty beyond a reasonable doubt. *Showecker v. State*, (1981) Ind., 432 N.E.2d 1340, 1342; *Willard v. State*, (1980) Ind., 400 N.E.2d 151, 160.

The evidence in the record reveals that the Brozenske residence was broken into on March 2, 1980. State police observed that the contents of the house were in disarray. One officer observed several sets of footprints in the snow leading from an open door on the west side of the house. Officer Hanlon followed the footprints over hilly terrain until they led to the Premier Angus Farm, where he summoned assistance. Officers Katter and Rice responded to the call and joined Hanlon. Hanlon and Katter later found Mike Owens walking down the road and noticed that his gloves and shoes were soaked. After advising him of his rights, the two men searched Owens and found, in his jacket pocket, a pair of cuff links which were later identified by Mrs. Brozenske as having been taken from her home. Owens' wife, Tina Owens, was also arrested nearby on the same road where she was sitting in her car.

After Owens had been arrested, Katter and Rice began searching the area again. They noticed footprints leading towards a bridge about a quarter of a mile from the Premier Angus Farm. The defendant, Orville Ward, was found standing under the bridge. He had a green army knapsack and a pair of dark colored coveralls at his feet. In the knapsack were coins, jewelry, a gun, and other articles, all of which were identified by the Brozenske family as property taken from their home.

In *Hall v. State*, (1980) Ind., 405 N.E.2d 530, 535, we stated:

"On review, this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the finding of the jury. *Parks v. State*, (1979) Ind., 389 N.E.2d 286; *Jones v. State*, (1978) 268 Ind. 640, 377 N.E.2d 1349."

A burglary or theft conviction may be sustained by circumstantial evidence alone. *Willard v. State, supra*, 400 N.E.2d at 160. The record revealed that the police officers followed footprints in the snow which led to defendant Ward, standing under a bridge and in possession of items taken from the Brozenske residence. Unexplained possession of recently stolen property will support an inference of guilt of burglary and theft of that property. *Muse v. State*, (1981) Ind., 419 N.E.2d 1302, 1304. The defendant testified at trial and gave his account of his reasons for being in the area where he was arrested. This raised questions of conflict, but the jury, not this Court, determines the credibility of the witnesses. *Taggart v. State*, (1979) Ind., 390 N.E.2d 657, 659; *Pollard v. State*, (1979) Ind., 388 N.E.2d 496, 501. There was sufficient evidence from which the jury could find beyond a reasonable doubt that defendant did commit the theft and burglary and we will not disturb the verdict.

The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.