Clarence FORD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45A03–8609–CR–261.

Court of Appeals of Indiana,
Third District.

April 27, 1987.

**836**

Scott L. King, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Clarence Ford appeals his conviction of official misconduct, a Class A misdemeanor, after a jury trial in the Lake County Superior Court, Criminal Division.

The facts, as taken most favorably to the verdict, are as follows:

In mid-November 1983, Clarence Ford, a uniformed patrol officer with the Police Department of the City of Gary, arrested and took into custody J.D. Collins and Newton Washington in the L.R.C. liquor store parking lot in Gary after confiscating several marijuana cigarettes that Collins threw under Ford's police car. After taking Collins and Washington into custody, Ford requested and received $5.00 from Collins and kept the marijuana cigarettes in return for releasing Collins and Washington. Ford was ultimately charged with two counts of bribery, a Class C felony, and the jury returned verdicts of not guilty to Count I and guilty to the lesser included offense of official misconduct under Count II, which related to the incident described above.

Ford brings a sole allegation of error for review: that the trial court committed error in denying his motion for severance of offenses.

The joinder of charged offenses in a criminal trial is governed by IND. CODE § 35–34–1–9(a)(1) and (2) (1982), which reads:

"35–43–1–9 Joinder of offenses or defendants

Sec. 9. (a) Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan."

Whenever separate charges are joined together solely on the ground stated in IND. CODE § 35–34–1–9(a)(1) above, i.e. because they are of the same or similar character, the criminal defendant has a right to a severance of the offenses. IND. CODE § 35–34–1–11 (1982). When the offenses are joined for the reason stated in IND. CODE § 35–34–1–9(a)(2) above, i.e. because they are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, the defendant does not have an absolute right to severance of the offenses and the trial court is allowed discretion in determining whether or not to sever the offenses. IND. CODE § 35–34–1–11. Ford argues that the two offenses with which he was charged were only related by being of the same or similar character as described in IND. CODE § 35–34–1–9(a)(1), and thus he had a statutory right to the granting of his motion to sever made pursuant to IND. CODE § 35–34–1–11.

The allegation of error brought to this Court by Ford has been waived by his failure to renew his motion to sever the offenses, originally made prior to trial, after it was overruled. The statutory requirement that a motion to sever must be renewed on the same grounds in order to preserve any alleged error for review is clearly set out in IND. CODE § 35–34–1–12(b) (1982):

"(b) If a defendant's pretrial motion for severance of offenses or motion for a separate trial is overruled, the motion may be renewed on the same grounds before or at the close of all the evidence during trial. *The right to severance of offenses or separate trial is waived by failure to renew the motion.*" (Emphasis added.)

*See also, Hobson v. State* (1986), Ind.App., 495 N.E.2d 741, 744.

 It is, however, instructive to note that Ford's argument fails on its merits as well. Ford contends that the acts which resulted in the charges in Counts I and II were not based on the same conduct nor were they part of a single scheme or plan. The testimony of the witnesses as contained in the record of proceedings indicates otherwise. Count I referred to an incident in the L.R.C. liquor store parking lot where Ford allegedly requested and received $25.00 from a man named Charlie Brown who allegedly was selling drugs in that parking lot. Since this incident alleged in Count I occurred within three or four days from the incident alleged in Count II and at the same location as the incident alleged in Count II, and both counts alleged a shaking down of suspected drug dealers for money by the same two police officers, it is apparent that the trial court could properly conclude that the two alleged offenses were "based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." IND. CODE § 35–34–1–9(a)(2). In *Jameison v. State* (1978), 268 Ind. 599, 601, 377 N.E.2d 404, 406, our Supreme Court concluded that separate counts relating to two different gas station burglaries performed in the same general area, with the same general mode of entry and with the same sort of merchandise stolen "undoubtedly constituted a series of connected acts," and thus Jameison's motion to sever was not improperly denied. *See also, Snuffer v. State* (1984), Ind.App., 461 N.E.2d 150, 154. Because the trial court here could also properly conclude that the two counts faced by Ford were so interrelated, the court was not compelled to grant Ford's motion to sever the offenses.

*See,* IND. CODE § 35–34–1–11(a). Ford can thus only argue that the trial court abused its discretion in denying his motion to sever the offenses. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 894, and IND. CODE § 35–34–1–11(a). No such argument, allegation or showing of harm to Ford was supplied to this Court.

The trial court is affirmed.

Affirmed.

RATLIFF, C.J., and STATON, J., concur.