**Stephen M. CHAMBERS, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 14S00–8804–CR–401.**

Supreme Court of Indiana.

July 5, 1989.

Dean A. Sobecki, Washington, for appellant.

Linley E. Pearson, Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Dealing in Cocaine, for which he received a sentence of forty-five (45) years, and Dealing in a Schedule II Controlled Substance, for which he also received a sentence of forty-five (45) years. He was convicted of Dealing in a Schedule II Controlled Substance, for which he received a sentence of sixteen (16) years, all sentences to be served concurrently.

The facts are: During the summer of 1986, the Indiana State Police were working on an undercover drug investigation in Daviess County, Indiana. On the morning of August 17, 1986, arrangements were made to purchase drugs from Debra Grow in an attempt to discover where she was obtaining the drugs she was selling.

Trooper Andry and a confidential informant went to Grow's home and asked to buy cocaine. Grow indicated she would have to go to her source to obtain the cocaine. The State Police had made arrangements for surveillance by State Police airplane and a ground vehicle to ascertain Grow's source. Surveillance vehicles observed that Grow went to appellant's mobile home.

Grow later testified that she told appellant she needed to buy an "eight ball," meaning ⅛ ounce of cocaine. Grow paid appellant $250 for the cocaine and left. At her residence, she first used a small amount of the cocaine, injecting it into her arm, then gave the balance to Trooper Andry.

On October 30, 1986, the Indiana State Police served an arrest warrant on appellant in his mobile home. Prior to transporting appellant to jail, they gave him the opportunity to dress. However, they searched his pants pockets before allowing him to put on his clothes. In the pockets, they found a small plastic bag containing drugs and drug-related items. Police then obtained a search warrant for appellant's mobile home where they found cocaine, methamphetamine, marijuana, and drug paraphernalia.

Appellant claims the trial court erred in failing to suppress the drugs and paraphernalia obtained from the search of his clothes and his residence at the time of his arrest. The statute governing the issuance of warrants is Ind.Code § 35–33–5–2. The compliance with this statute is mandatory. *Madden v. State* (1975), 263 Ind. 223, 328 N.E.2d 727.

■ Appellant contends the affidavit made by State Police in order to obtain the arrest warrant did not establish that appellant was at his residence at the time he was arrested nor does it establish that he was involved in the alleged sale of cocaine to Grow. The affidavit submitted to the magistrate described appellant and his place of residence in detail and alleged that the police had good cause to believe that appellant had committed the crime of conspiracy to deal in cocaine.

The affidavit also alleged that Trooper Andry, while working in an undercover capacity, went to the residence of Debra Grow in an attempt to purchase drugs, and surveillance indicated that she went to the home of appellant and returned with the drugs.

■ We find the affidavit filed by the State Police fully complied with the statute. The evidence needed to obtain a search warrant or arrest warrant need not rise to the stature of facts necessary to obtain a conviction. The circumstances alleged in the affidavit need only lead a person of reasonable caution to believe that a crime had been committed. *Jaske v. State* (1986), Ind., 495 N.E.2d 169; *Gentry v. State* (1984), Ind., 471 N.E.2d 263. The trial court did not err in refusing to suppress the evidence.

Appellant claims the trial court erred in not granting his request for a continuance after Counts I and II were amended by the prosecution the day before trial. Appellant is correct in his observation that Ind.Code § 35–34–1–5 provides in substance that an information may be amended if the amendment is in form only. However, if the amendment is as to substance, the prosecutor must give written notice to the defendant not less than thirty (30) days before the omnibus date if the charge is felony.

■ The original Count I charged appellant with conspiracy to deal in cocaine, alleging that he so conspired with Debra Grow on the 17th day of August 1986. Prior to trial, the State amended that count to allege that on the 17th day of August 1986, appellant did intentionally deliver cocaine in the aggregate weight of 19.2197 grams without specifying the person to whom it was delivered.

■ The Count II amendment filed by the prosecutor read essentially the same as the original Count II except it omitted a statement in the original count that the cocaine was a controlled substance classified as schedule II. We see nothing in either amendment that changes the manner

in which appellant would be required to answer the charges.

As to Count II, there is virtually no change at all. As to Count I, the original charge was specific, naming the person with whom appellant was alleged to have conspired to sell cocaine, whereas the amended Count I, using the same date and place as the original Count I, alleged that appellant intentionally delivered cocaine in excess of 3 grams without specifically naming Grow. We cannot see nor does appellant allege in what manner he was prejudiced by the amendments. The trial court did not err in permitting the amendments or in refusing appellant's motion for continuance at the time the amendments were made.

■ Prior to trial, appellant moved that the counts be severed and tried separately. He claims the trial court erred in denying his motion for severance. It is his contention that the counts were joined for trial solely on the ground that they were the same or of similar nature. He alleges they are factually unconnected and the facts necessary to sustain the charges had taken place several months apart with no common connecting factors.

The charges and the evidence in the case at bar clearly demonstrate that the charges arose out of a series of acts which were connected. Although the acts occurred over a period of time, it is clear they were detected by police by reason of a continuing surveillance of appellant and at least one of his customers. There is ample evidence from which the judge could determine that each of the counts grew out of the single intention of appellant to deal in drugs.

Indiana Code § 35–34–1–11(a) gives the trial court discretion in determining whether a severance should be had unless they are joined solely because they are of similar character. In interpreting the statute, this Court has stated that severance generally lies within the sound discretion of the trial court and that clear error must be demonstrated for this Court to interfere. *Eubank v. State* (1983), Ind., 456 N.E.2d 1012.

Indiana Code § 35–34–1–9(a) provides as follows:

"Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan."

It appears from this record that the charges were not complex, that they were in fact connected. The trial court did not abuse its discretion in ordering them tried together. *Sweet v. State* (1982), Ind., 439 N.E.2d 1144.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.