**Michael EVANS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8807–CR–684.**

Supreme Court of Indiana.

Aug. 11, 1989.

Daniel L. Bells, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On January 26, 1988, Defendant–Appellant Michael Evans was found guilty by a jury of Burglary, a Class C felony, and Robbery, a Class B felony. He was subsequently sentenced by the trial court to a term of six (6) years for the burglary conviction and fifteen (15) years for the robbery conviction, said sentences to run concurrently.

Issues raised by Evans in this direct appeal are:

1. sufficiency of evidence in the robbery conviction;
2. sufficiency of evidence in the burglary conviction; and
3. joinder of the robbery and burglary charges for purposes of trial.

The facts favorable to the verdict of the jury show that Lanetta Griffin was at her home in Gary, Indiana on August 6, 1987. Griffin had just finished making a telephone call when she heard some glass break. She heard her door break open, and a man came to where she was in the bathroom. The man pointed a sawed off shotgun at Griffin and asked her to give him her keys. Griffin told the man she would give him anything he wanted, and he said all he wanted was the keys. Griffin went into the bedroom, got the keys off the dresser, and gave them to him. The keys included Griffin's car key and house key. The man then left the house through the front door, got into Griffin's car, and drove away. Griffin testified that the man weighed approximately 175 to 180 pounds, was about 5' 10" to 5' 11" tall, and had a bag over his head. Griffin testified that although she was unable to see the man's face, she did recognize his voice as being the voice of Michael Evans. Griffin testified that she had known Michael Evans for about two (2) years as just a guy who was in the neighborhood and as the boyfriend of a girl who lived next door by the name of Olivia Pierce. When the police came to the door, Griffin told the police that Michael Evans was the man who took her keys.

State's witness Dennis Smith, a patrol officer with the Gary Police Department, testified that on August 9, 1987, he received a call of an alarm at 720 Broadway in Gary, Indiana. Smith proceeded in the direction of the alarm call, and as he approached the address, he observed a yellow-cream colored Chevrolet coming out of an alley near the address. Smith observed a female driving the car and watched her long enough to determine in which direction she was turning. Smith then pulled behind the building from which the alarm call was coming and stopped his car.

Smith sat in his car for a couple of minutes and observed a subject on the roof at that location. Smith identified himself as a police officer and told the subject to come down off the roof. The subject came down and Smith placed him under arrest. As Smith was talking to the subject, the female who Smith earlier observed driving the car walked toward Smith through the alley. The female subject approached Smith and demanded whom Smith had in custody and asked what was going on. Smith had called for backup officers.

When they arrived, Smith kept both the female and the male subject in custody. Smith then went up on the roof of the building and observed that a vent had been removed. After noting that he could look down into the establishment, Smith came back down off the roof of the building. He then took a key which had been removed from the possession of the female subject, went to the location where he had last seen the car, and found the yellow Chevrolet. Smith verified that the key he had taken from the female subject worked in the ignition of the car. Smith then ran a registration check on the car and found that the car had been reported stolen. Smith identified Evans as the man whom he had called down from the roof of the building and arrested. Smith testified that the female subject's name was Olivia Pierce.

State's witness Bryan Wood, a police officer with the Gary Police Department, also testified that he observed the hole in the roof which Smith had originally discovered. Wood entered the store at that location, known as the Coronet Store, and observed that there was a hole in the roof of the store and that items had been knocked off of a shelf which was under the hole and that items had been broken. Wood also observed that there were items of clothing and jewelry stacked in piles, and broken light bulbs in various places throughout the store.

State's witness Chun Chong owned the Coronet Store at 720 Broadway. Chong testified that on August 9, 1987, he went to the store in response to an alarm company call. Chong testified that he had closed the

store the night before, locked the doors, and set the alarm. Chong observed the damage in the store on the day in question and further testified that the store had not been in that condition the previous evening when Chong locked the store.

A third Gary Police Officer, David Mosby, testified that on August 9, 1987, he was at a location where a car was towed. Mosby testified the VIN number on the car which was towed matched the VIN number on the certified copy of Application for Title to Lanetta Griffin's car which had been previously introduced as a State's Exhibit.

## I

■ Evans claims the evidence was insufficient to support his conviction for robbery based on his identification by victim Lanetta Griffin. The well-settled standard in scope of review is that this Court does not reweigh evidence nor judge the credibility of witnesses in considering sufficiency of the evidence but considers only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the conviction, the finding of the trier of fact will not be disturbed. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. Evans' argument here attacks the weight and credibility of the evidence and asks this Court to do the same. He cites *Easley v. State* (1981), Ind., 427 N.E.2d 435, and *Bane v. State* (1981), Ind., 424 N.E.2d 1000, to support his contention. He points out that in both *Bane* and *Easley* there was a more substantial and reliable basis on which the complaining witnesses made their identifications. In *Bane* there were three identification witnesses who testified they had spent a good deal of time with Bane and that he called one of the victims by name during the incident. *Bane*, 424 N.E.2d at 1001. In *Easley*, the complaining witness had seen the defendant on a daily basis for two months prior to the incident in question and testified that the defendant had visited her apartment six or eight times and showed a familiarity with the layout of her apartment. *Easley*, 427

N.E.2d at 436. Evans states that in the instant case, witness Griffin had known him only casually as someone in the neighborhood and he had spoken only about two sentences in her apartment while taking the car keys from her. This, of course, is just another way of saying that *Easley* and *Bane* had more and stronger evidence than this case and, therefore, the evidence in this case is insufficient. We do not agree.

In fact, this Court has held that a witness may testify upon the issue of the identification of the accused in the form of an opinion or belief and that such testimony standing alone is sufficient to support a finding upon the issue of identification of the accused. *Poe v. State* (1983), Ind., 445 N.E.2d 94, 98. In *Bane, supra,* this Court held that identification of a perpetrator through voice recognition is not insufficient as a matter of law; however, appellate opinions do reveal a heightened judicial concern in dealing with the convictions by taking a closer look at independent corroborating evidence. *Bane*, 424 N.E.2d at 1002. By doing so here, it is clear victim Griffin's identification was supported by her testimony that she had known Michael Evans for about two years as "a guy that was in the neighborhood" and knew that he was the boyfriend of Olivia Pierce, a girl who lived next door. Three days later, Evans and Olivia Pierce were found in possession of Griffin's automobile when the police apprehended them in the perpetration of a burglary. There was sufficient evidence of identification to support the jury's verdict of guilty of robbery.

## II

■ Evans also claims the evidence was insufficient to support his conviction for burglary and we use the same test recited in Issue I to resolve this issue. Evans' claim of insufficiency on the burglary conviction is that he was not found in the possession of any of the items from inside the building nor did he have any tools in his possession which could be used to remove the vent from the roof of the building. He claims mere presence at the scene of a

crime is insufficient evidence to sustain a conviction for participation in the crime. *Melvin v. State* (1968), 249 Ind. 351, 232 N.E.2d 606; *Cotton v. State* (1965), 247 Ind. 56, 61, 211 N.E.2d 158, 161. Although the principle cited by Evans is correct, his application of it to the circumstances in this case is not. An alarm went off inside the Coronet Store which brought the police to the scene. They found Evans on the roof of the Coronet building. There was a hole in the roof leading down into the Coronet Store. Items in the store had been disarranged and put into piles, inferring preparation for removing the items from the premises. These facts, and inferences to be drawn from them, establish the elements of burglary supporting the jury's verdict.

### III

 Finally, Evans claims the court erred in granting the State's motion to join the robbery and burglary charges for purposes of trial. He claims the two offenses are not based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan as contemplated by Ind.Code § 35–34–1–9(a)(2) and 10(b).

There is merit to the State's contention that the charged offenses were not entirely separate and distinct offenses but were based on a series of connected acts. The evidence was that Evans robbed Lanetta Griffin of her car and used the car to aid him in the burglary of the Coronet Store. The stolen car found at the scene of the burglary in the possession and control of Evans and his accomplice provided corroboration to Griffin's voice identification testimony. Further, however, the record is devoid of any objection to joinder or motion to sever. Ind.Code § 35–34–1–12(a) provides that the right to severance on the part of a defendant is waived by failure to make a motion for severance at the appropriate time.

When separate charges are joined together solely on the ground they are of the same or similar character a defendant has the right to a severance of the offenses. However, when joinder is based upon a series of acts connected together, a defendant has no absolute right to severance and the trial court is allowed to determine whether severance of the offenses is proper. Ind.Code § 35–34–1–11; *Douglas v. State* (1984), Ind., 464 N.E.2d 318, 319; *see also Grimes v. State* (1983), Ind., 454 N.E.2d 388, 390; *Ford v. State* (1987), Ind. App., 506 N.E.2d 835, 836. Evans waived the issue at trial by offering no objection to joinder, and at no time moved to sever. Ind.Code § 35–34–1–12(a); *Muse v. State* (1981), Ind., 419 N.E.2d 1302, 1305. The trial court did not abuse its discretion meriting reversal.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.