**Michael PARDO, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 64A03–9102–CR–31 [1].**

Court of Appeals of Indiana,
First District.

Feb. 3, 1992.

James V. Tsoutsouris, Porter County Public Defender and Terry E. Johnston, Deputy Public Defender, Valparaiso, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana and Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Michael Pardo appeals one conviction of theft and one conviction for attempted theft, both Class D felonies. Pardo was sentenced to an aggregate term of three (3) years. Pardo raises six (6) issues. However, because one requires us to reverse, we address it only. It is:

> Whether the trial court erred by denying Pardo's motion for severance of the theft charges arising from the events of September 16, 1989 from the attempted theft charge which arose from the November 30, 1989 incident?

### FACTS

The facts in the light most favorable to the verdict indicate that early in the morning of September 16, 1989, Pardo, his brother, and an unidentified accomplice set out in the Pardos' father's pick-up truck on a mission to steal car stereos from automobiles. At approximately 2:00 a.m., a tenant at an apartment complex alerted the police that two men had been trying the door handles of automobiles in the parking lot. A police officer responded to the call in his police car. The officer drove into the parking lot with his headlights turned off.

---

**1.** This case was reassigned to this office on January 7, 1992 by order of the Chief Judge.

When he turned his headlights on, he observed a man who was later identified as Pardo. When Pardo saw the police car, he began to walk away towards an open field. Pardo stopped at the police officer's request, gave the police officer a fictitious name, and told the officer he was born on a date that placed him under twenty-one (21) years of age. The police officer smelled the odor of alcohol on Pardo's breath and observed that his eyes were bloodshot. The police officer then arrested Pardo for the under-age consumption of alcohol. Pardo was searched and a ratchet, extension, socket, and a set of keys were found in his possession.

Several of the cars in the parking lot were found to have been entered and deprived of their stereos. However, there is no evidence that any of these cars had been entered forcibly; apparently all of them had been unlocked. A pickup truck which was later determined to belong to Pardo's father was found in the parking lot with several stereos in it. The Pardo pick-up truck also contained a set of golf clubs.

The golf clubs were identified as the property of Craig Gilbert. Gilbert also identified the set of keys discovered in Pardo's possession as his property. Gilbert testified that he had left his car unlocked with the keys under the mat so that his brother could borrow the car. Gilbert testified that the golf clubs had been in the trunk of the car.

Pardo was charged with four (4) counts of theft arising from this September 16, 1989 incident. The Court granted Pardo's motion for a directed verdict on one of the counts. The jury acquitted Pardo of two of these counts. Pardo was convicted of the remaining count which related to the theft of the golf clubs.

On November 30, 1989, a citizen named Richard Brychell went to his car and observed that a person was in his car and that the car window had been smashed. Brychell yelled at the man, who got out of the car, looked directly at Brychell and fled. The dash of Brychell's car had been torn apart. Brychell later identified Pardo from a photo array as the man who had been in his car. Brychell also identified Pardo at trial. Pardo's attempted theft conviction stems from this incident.

Additional facts are supplied as necessary.

## DECISION

■ Indiana Code 35–34–1–9(a) reads:

Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan;

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Indiana Code 35–34–1–11(a) reads:

Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:

(1) the number of offenses charged;

(2) the complexity of the evidence to be offered; and

(3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

If offenses are joined solely because they are of same or similar character, the defendant has an automatic right to have counts tried separately, and the trial court has no discretion to deny the defendant's motion for severance. *Hodges v. State* (1988), Ind., 524 N.E.2d 774.

■ The State asserts Pardo did not have the right to have the September 16 theft charges severed from the November

30 attempted theft charge because the offenses in question were joined as based on the same conduct or a series of acts connected together or constituting parts of a single scheme or plan under I.C. 35–34–1–9(b)(2) (set out above). With respect to the joinder of the November charge to the September charge, the State asserts "[i]t is obvious that [Pardo] once more was engaged in his ongoing scheme to break into cars and steal property out of them." (State's brief p. 9) The State urges that severance was not mandatory because the September theft charges and the November attempted theft charge "grew out of [Pardo's] single intention to steal from cars." *Id.*[2]

An overview of the law in this area is in order. The State first relies on *Chambers v. State* (1989), Ind., 540 N.E.2d 600. The facts in *Chambers* are not entirely clear to us. However, it would appear that the Defendant was charged with conspiracy to deal in cocaine, dealing in cocaine, and dealing in a schedule II controlled substance (cocaine). It would appear that two, if not all the charges, arose out of one transaction with the same customer. All of the charges arose from a continuing police surveillance of the defendant and the customer. Our supreme court held that severance was not mandatory as there was ample evidence for the trial court to determine that all the charges arose out of the defendant's single intention to deal in drugs. *Id.* at 602.

In *Burst v. State* (1986), Ind.App., 499 N.E.2d 1140, *trans. denied,* the defendant was convicted of three (3) counts of conversion and four (4) counts of drug dealing. All of these counts arose from Burst's sale of either stolen property or drugs to one undercover police officer. We held severance was not mandatory as the charges involved a series of acts connected together by Burst's ongoing relationship with the undercover officer who Burst thought was his partner in crime. *Id.* at 1144.

In *Runyon v. State* (1989), Ind., 537 N.E.2d 475, the defendant was convicted of multiple crimes committed against one woman on two (2) separate occasions. Our supreme court held that severance was not mandatory as:

> Both attacks were perpetrated at the same location upon the same victim, and although appellant forced entry with direct confrontation of the victim at her door in the first instance and in the second instance he forcefully entered her house while the victim was asleep, his conduct after gaining entry in both instances was virtually identical in that he pounced upon her and injured her with a knife. The only difference between the two incidents was that on May 2 he had abandoned his attack, apologized, and left. In the incident of November 1, he completed his attack and raped the victim.

Our supreme court held that under these circumstances, the trial court could correctly conclude that the defendant had developed a scheme or plan to attack the victim. *Id.* at 477.

In *Jameison v. State* (1978), 268 Ind. 599, 377 N.E.2d 404, the defendant was charged with two (2) counts related to a burglary of a Shell station and two (2) counts related to a burglary of a Sunoco station. The two gas stations were located on the same highway, the burglaries took place the same morning, the entry of each station had been accomplished by the breaking of a window, and radios had been stolen from each station. When apprehended, the defendant was found to be in the possession of radios stolen from both stations. Our supreme court held that under these circumstances, severance was not mandatory as the crimes charged undoubtedly constituted a series of connected acts. *Id.* 268 Ind. at 601, 377 N.E.2d at 406.

In *Evans v. State* (1989), Ind., 542 N.E.2d 546, the defendant was charged

---

**2.** The State also asserts that Pardo's failure to preserve and include in the record of proceedings the hearing held on his motion for severance constitutes a waiver. Defendant has a duty to present a complete record to support his claim for appeal. *Turner v. State* (1987), Ind., 508 N.E.2d 541. We do not see how the record of the oral legal arguments made at the severance hearing would facilitate our review of this issue. Therefore, we find no waiver.

with a robbery and a burglary. On August 6, 1987, he stole a woman's car at gunpoint. Three days later, on August 9, he used the stolen car to facilitate a burglary. The two crimes were connected by the car which was stolen during the robbery and later found at the scene of the burglary. The defendant's possession of the stolen car used in the burglary corroborated the robbery victim's identification of him as the perpetrator of the robbery. Under these circumstances, our supreme court held that severance was not mandatory because the crimes were a series of connected acts. *Id.* at 549.

In *Davidson v. State* (1990), Ind., 558 N.E.2d 1077, the defendant was convicted of the drowning murders of two (2) of her children. The motive for each murder was to collect the life insurance proceeds from policies taken out on the lives of the children. Our supreme court held that severance was not mandatory as:

> In the case at bar, a pattern is evident of insuring an infant's life prior to the infant's suspicious drowning; the common *modus operandi*, as well as the same motive, serve to connect the crimes sufficiently to justify joinder for trial over the defendant's motion for severance.

558 N.E.2d at 1083 (Emphasis in original.)

In the present case, it is obvious the September charges were of the same or similar character as the November charge. It is also obvious and undisputed that the four (4) September theft charges arose out of the Pardo brothers' September 16th scheme to go out and steal radios from cars on that night. However, we are unaware of any evidence (nor has the State identified any evidence) presented at trial which would indicate that the September thefts and the November attempted theft were connected together or were parts of a single scheme or plan to steal property from cars. Pardo was not detected as the result of a continuous surveillance. In fact, he was charged with the September offenses before the November offense took place seventy-five (75) days later.

The crimes in question are not connected by a distinctive nature. In fact, the State elicited the following testimony at trial:

> Prosecutor: In the City of Valparaiso it's not unusual for there to be a break-in to automobiles and radios taken or property taken from cars? Unfortunately, it's a rather frequent occurrence?
>
> Police officer: It's not unfamiliar to have break-ins of cars, no. (R. p. 195).

Nor do we believe the crimes evidence a common *modus operandi*. The September thefts were perpetrated by Pardo in the company of two (2) accomplices. The evidence of the November attempted theft indicates that Pardo was acting alone. Moreover, in the September thefts, entry to the automobiles was accomplished through unlocked doors. In the November attempted theft, entry was gained by smashing a window.

We must conclude that there is no evidence that the September thefts and the November theft constituted a series of acts connected together or parts of a single scheme or plan joined together under I.C. 35–34–1–9(a)(2). Instead, we must conclude that the September crimes were joined for trial with the November crime simply because the offenses were of the same or similar character, even if not part of a single scheme or plan, under I.C. 35–34–1–9(a)(1).

As such, we must conclude that Pardo had the right to have the September offenses tried separately from the November offense. I.C. 35–34–1–11(a); *Hodges*, 524 N.E.2d 774. The trial court lacked discretion to deny Pardo's motion for severance. *Id.* Therefore, we must reverse and remand for proceedings consistent with this opinion.

Judgment reversed.

BAKER and HOFFMAN, JJ., concur.