# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2019, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

John Blake Pattison,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 17, 2019

Court of Appeals Case No.
18A-CR-1595

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause Nos.
27D01-1704-F3-7
27D01-1706-F6-332[1]

---

[1] Pattison does not raise any issues for appellate review in 27D01-1706-F6-332, therefore, we only address his contentions in 27D01-1704-F3-7.

**Bradford, Judge.**

# Case Summary

[1] In 2017, Detective Sargent Joshua Zigler was conducting an ongoing investigation of John Blake Pattison. In April of 2017, Pattison sold 0.88 grams of methamphetamine to Detective Zigler's confidential informant ("CI"). Twelve days later, a search warrant was executed on Pattison's residence, and police discovered, *inter alia*, approximately 1.2 grams of methamphetamine, handguns, digital scales, sandwich baggies and rubber bands, and various drug paraphernalia. The State charged Pattison with Level 3 felony dealing in methamphetamine, Level 5 felony dealing in methamphetamine, Level 6 felony maintaining a common nuisance, and Class C misdemeanor possession of paraphernalia. Pattison moved for severance of the Level 5 felony dealing in methamphetamine charge, which motion was denied by the trial court. On January 30, 2018, a jury found Pattison guilty as charged. Pattison contends that the trial court erred by denying severance and that there was insufficient evidence to convict him of Level 3 felony dealing in methamphetamine. Because we disagree, we affirm.

# Facts and Procedural History

[2] In 2017, Detective Zigler, director of the Joint Effort Against Narcotics Team Drug Task Force ("JEAN Team"), was conducting an ongoing investigation of Pattison. On April 7, 2017, Detective Zigler's CI completed a controlled buy

with Pattison, in which he sold the CI 0.88 grams of methamphetamine for $300.

[3] On April 15, 2017, during a traffic stop, officers placed a GPS tracker on Pattison's vehicle pursuant to a search warrant obtained by Detective Zigler. On April 19, 2017, a search warrant was executed at Pattison's residence. At Pattison's residence, police discovered approximately 1.2 grams of methamphetamine, approximately 0.81 grams located inside the residence and 0.42 grams located in the garage. Police also discovered three handguns, two digital scales, two money counters, sandwich baggies and rubber bands, mobile phones, surveillance equipment, and various drug paraphernalia. That same day, Pattison was arrested at a nearby gas station and during a search of his person, police recovered a one-hundred-dollar bill that was used in the April 7, 2017, controlled buy between Pattison and Detective Zigler's CI.

[4] On April 28, 2017, the State charged Pattison with Count I, Level 3 felony dealing in methamphetamine; Count II, Level 4 felony dealing in methamphetamine; Count III, Level 6 felony maintaining a common nuisance; and Count IV, Class C misdemeanor possession of paraphernalia. On October 11, 2017, the State filed an amended Count II, Level 5 felony dealing in methamphetamine. On January 5, 2018, Pattison moved to sever Count II, which resulted from the April 7, 2017, controlled buy from Counts I, III, and IV, which resulted from the April 19, 2017, search of his residence. On January 17, 2018, the trial court denied Pattison's motion, finding that

> [w]hile the acts allegedly occurred over a period of twelve days, the charges arose out of a series of acts which were connected, and or detected by police by reason of a continuing surveillance of the Defendant. Furthermore, severance as requested by the Defendant is not necessary to promote a fair determination of the Defendant's guilt or innocence.

Appellant's App. Vol. II p. 12. On January 30, 2018, a jury found Pattison guilty as charged. Pattison was sentenced to eight years with three years suspended on Count I, two years on Count II, 180 days on Count III, and thirty days on Count IV, all of those sentences to be served concurrently.

# Discussion and Decision

## I. Severance

[5] Pattison contends that the trial court erred by failing to sever Count II, Level 5 felony dealing in methamphetamine. Indiana Code section 35-34-1-11(a) provides that

> [w]henever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
>
> > (1) the number of offenses charged;
> >
> > (2) the complexity of the evidence to be offered; and

> (3) whether the trier of fact will be able to distinguish the
> evidence and apply the law intelligently as to each
> offense.

Accordingly, "if offenses are joined solely because they are of same or similar character, the defendant has an automatic right to have counts tried separately, and the trial court has no discretion to deny the defendant's motion for severance." *Pardo v. State*, 585 N.E.2d 692, 693 (Ind. Ct. App. 1992). When offenses are not joined solely because they are of the same or similar character, however, Indiana Code section 35-34-1-11(a) gives the trial court discretion in determining whether severance should be granted. *Chambers v. State*, 540 N.E.2d 600, 602 (Ind. 1989), *abrogated on other grounds by Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007). Thus in cases involving the latter, severance is generally within the sound discretion of the trial court and clear error must be demonstrated for this court to interfere. *Id.*

[6] The trial court correctly concluded that Pattison's offenses were not joined solely because they were of the same or similar character but, rather, because they arose out of a series of connected acts. The evidence clearly demonstrates that these offenses were detected by Detective Zigler and the JEAN Team as part of their ongoing investigation into Pattison's drug-dealing activity. *See Chambers*, 540 N.E.2d at 602 (concluding that denial of severance was proper even though the acts occurred over a period of time, because they were clearly detected by police through continuous surveillance of appellant and one of his customers, which provided ample evidence for the trial court to determine that

the drug-related offenses grew out of appellant's single intention to deal drugs). Therefore, the decision of whether to sever Pattison's charges was within the trial court's discretion. The record demonstrates that there were only four drug-related charges and that the evidence was not so complex that it would hinder the jury's ability to understand and apply it to the law intelligently, nor does Pattison contest otherwise. Therefore, Pattison has failed to demonstrate that the trial court's denial of severance was an abuse of discretion.

## II. Sufficiency of the Evidence

Pattison contends that the State produced insufficient evidence to support his conviction for Level 3 felony dealing in methamphetamine. When reviewing the sufficiency of evidence to support a conviction, this court considers only probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not this court, to assess witness credibility and weigh the evidence. *Id.* This court will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* To convict Pattison of Level 3 felony dealing in methamphetamine, the State had to establish that Pattison possessed, with the intent to deliver, methamphetamine and that the amount of the methamphetamine involved was at least one gram but less than five grams and an enhancing circumstance applied. *See* Ind. Code § 35-48-4-1.1(a)(2); Ind. Code § 35-48-4-1.1(d)(2). Possessing a firearm while dealing in methamphetamine qualifies as an enhancing circumstance. Ind. Code § 35-48-

1-16.5(2). Additionally, the State had to establish that "there [was] evidence in addition to the weight of the drug that [Pattison] intended to deliver or finance the delivery of the drug." Ind. Code § 35-48-1-16.5(b). "Intent is a mental state, and the trier of fact often must infer its existence from surrounding circumstances when determining whether the requisite intent exists." *Goodner v. State*, 685 N.E.2d 1058, 1062 (Ind. 1997).

[8]     We conclude that the State produced ample evidence to establish that Pattison possessed 1.2 grams of methamphetamine with the intent to deliver. During the search of Pattison's residence, police discovered approximately 1.2 grams of methamphetamine. Police also discovered three handguns (two which were loaded), digital scales, money counters, sandwich baggies and rubber bands, mobile telephones, surveillance equipment, and drug paraphernalia. Detective Zigler testified that these items are often kept together so that drugs can be packaged quickly and weighed. Moreover, the State presented evidence that only twelve days prior to the execution of the search warrant on Pattison's residence, he dealt approximately 0.88 grams of methamphetamine to Detective Zigler's CI. Pattison argues that the methamphetamine found in the living room was for his personal use only and that the quantity of methamphetamine that was found in the garage was not sufficient to convict him of Level 3 felony dealing in methamphetamine. Pattison, however, did not testify to this factual assertion at trial and, even if he had, the jury would not have been required to believe it. Pattison's argument is merely an invitation for us to reweigh the evidence which we will not do. *Young*, 973 N.E.2d at 1226. The State produced

sufficient evidence to allow the factfinder to conclude that Pattison committed Level 3 felony dealing in methamphetamine.

[9] The judgment of trial court is affirmed.

Bailey, J., and Brown, J., concur.