John L. NORRIS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 49S00–8612–CR–1051.

Supreme Court of Indiana.

Dec. 29, 1987.

 

Kevin L. Scionti, Kenneth T. Roberts & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a bench trial in the Marion Superior Court, Criminal Division Room 1, Defendant–Appellant John L. Norris was found guilty of burglary, a class B felony, and theft, a class D felony. He was sentenced to concurrent terms of fifteen (15) years and two (2) years respectively. Two issues are presented for our review in this direct appeal:

1. denial of motion to suppress evidence; and

2. denial of motion for continuance.

On January 27, 1986, the victim's neighbor noticed a patio door was broken in the victim's home. The neighbor then saw a man he identified as Appellant come out through the door carrying a television set. The neighbor saw Appellant place the television in the trunk of his automobile and drive off. The neighbor directed his employee to phone the police and he himself chased Appellant but lost him in traffic.

A short time later an Indianapolis police officer patrolling in a squad car noticed a parked car and three men huddled around the open trunk. The officer became suspicious since this was a high crime area. He circled and returned to the parked car, but found the car was being driven away and the trunk was closed. The police officer then followed the car and learned by radio that the car matched the description of the car the victim's neighbor had reported and followed. The police officer then observed the car drive through a red traffic light. He stopped the car and charged the driver with violating the traffic control signal. When the officer radioed the apprehension to police headquarters, he was advised the driver matched the description of the person seen taking a television set from a home. The neighbor who had observed Appellant taking the television from the home was brought to the scene and identified Appellant and his vehicle. The police placed Appellant under arrest for burglary and conducted an inventory search of the vehicle, discovering the television set in the trunk. The television set was later identified as the one stolen from the victim's home.

I

■ At the beginning of trial Appellant moved to suppress evidence of the television set found in the trunk of his car at the scene of his arrest. Appellant here argues that although the police called this a routine inventory search of the vehicle, it actually was an illegal search and seizure because the police searched the locked trunk without first obtaining a search warrant. However, Appellant at no time made this argument to the trial court. Further, in his motion to suppress, Appellant contended the police made an illegal stop since they did not have probable cause to suspect he had committed burglary and therefore the television set was fruit of an illegal stop and therefore suppressible. The trial court denied the motion on the grounds the officer properly stopped the vehicle as he had observed Appellant violate a traffic control signal. The trial court also observed Appellant raised no objection to State's Exhibits 3 and 4, which placed the television set and its discovery by police into evidence. Appellant again moved to suppress the evidence at the close of the State's evidence, again alleging an illegal stop. The trial court again overruled the motion. In view of these facts, Appellant has waived this issue both when he failed to object to admission of the exhibits and when he failed to raise the question he now presents on appeal. He therefore presents no reversible issue for our consideration.

II

At the initial hearing in this cause on January 29, 1986, trial was set for April 16,

1986. One day prior to trial, Appellant filed an alibi notice, moved for a continuance, and waived trial by jury. Trial was then reset for June 20. On June 10, Appellant filed a *pro se* motion to produce evidence and on June 12, he filed a *pro se* motion for discovery. The requested discovery was extensive and neither of the motions set forth any justification for not having made the request earlier. On the day of trial, Appellant requested a continuance, claiming the State had not complied with the discovery motion. Defense counsel conceded the State had complied with the standard discovery ordered at the initial hearing. In his brief, Appellant refers only generally to the content of the discovery he sought, stating it was material to his cause and involved relevant information such as prior written statements by potential witnesses, a history of their criminal records if any, and "evidence of an exploratory nature."

The trial court is granted deference in finding what constitutes substantial compliance with the court's discovery order. *Harris v. State* (1981), Ind., 425 N.E. 2d 112, 116–17. It is within the discretion of the trial court to grant or deny continuances requested by the parties. The trial court also has discretion in making decisions regarding discovery matters as a part of its inherent power to guide and control the proceedings. *Staggers v. State* (1985), Ind., 477 N.E.2d 539, 541–42; *Murray v. State* (1982), Ind., 442 N.E.2d 1012, 1016. Appellant has shown no abuse of discretion by the trial court here that merits reversal.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.